UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME ALMON,

    Plaintiff,

                                        Case No. 2:07-10219

v.

                                        HONORABLE DENISE PAGE HOOD

ELINOR CAPLAN, *et al.*,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT, GRANTING DEFENDANTS' MOTIONS TO SET ASIDE CLERK'S ENTRY OF DEFAULT, AND MOTION FOR EVIDENTIARY HEARING DEEMED AS MOOT

**I.    INTRODUCTION**

This matter comes before this Court on Plaintiff Jerome Almon's Motion for Default Judgment **[Docket No. 57.]**, filed December 14, 2007. Defendants Elinor Caplan, Alan Nymark, Dennis Corderre, and Hugh Lovekin (collectively " the Canadian Defendants") filed a Motion to Set Aside Clerk's Entry of Default **[Docket No. 67]** on January 28, 2008 and a response to Plaintiff's Motion for Default Judgment **[Docket No. 62]** on January 18, 2008. Defendants Department of State and Condaleeza Rice (collectively "the United States Defendants") filed a Motion to Set Aside Clerk's Entry of Default and a Response to Plaintiff's Motion for Default Judgment **[Docket Nos. 61, 62.]** on January 18, 2008.

On February 1, 2008, Plaintiff filed a Motion for Evidentiary Hearing. **[Docket No. 68.]** Defendants Department of State and Rice filed a Response to Plaintiff's Motion for Evidentiary Hearing on February 11, 2008. **[Docket No. 70.]** The Canadian Defendants also filed a

1

Response on February 12, 2008. **[Docket No. 71.]**

Plaintiff is seeking default judgment against Defendants in the amount of $900,000,000 for the Department of State's alleged failure to act on his request to "issue warnings and otherwise notify Americans" that Canadian immigration and customs officials single out African-Americans for detention and interrogation. (Compl. ¶¶ 226-27.) Plaintiff requests 50% of the damages to be apportioned to the Canada Border Services Agency and 50% to the "United Department of State." (Pl.'s Mot. for Default J. at 1.)

The United States Defendants claim that service on them was never properly completed and that they are not subject to a default judgment against them.

Plaintiff claims that Defendants have "knowingly, willingly, and with extreme malice and harmful intent sought to destroy Plaintiff's business and good name, and to interfere with legally obtained contracts" through periods beginning in 2001 to the present. (Pl.'s Mot. for Default J. at ¶ 6.)

Plaintiff alleges that "Defendants continued to directly interfere with the normal business operations approved by the sovereign nation of Canada which have cost the Plaintiff hundreds of millions of dollars annually in gross receipts from CD and record sales, DVD sales, income from touring and promotions, income from movie, book, and magazine sales...from clothing line sales, paid interviews, investment in stocks, properties, businesses, interests from savings accounts, capital gains, and denying Plaintiff reasonable access to numerous business opportunities..." (Pl.'s Mot. for Default J. at ¶¶ 8-9.)

Plaintiff claims that the Department of State's failure to act on his request to "issue warnings and otherwise notify Americans" that Canadian immigration and customs officials

2

single out African-Americans for detention and interrogation constitutes a civil rights violation. (Compl. at ¶ 226-227.)

## II. APPLICABLE LAW & ANALYSIS

### A. Motion for Default Judgment

In order for a plaintiff to obtain a judgment by default, pursuant to the Federal Rules of Civil Procedure 55(b)(2), a Clerk's entry of a default must first be entered. Fed.R.Civ.P. 55(a). With regards to default judgement against the United States, Rule 55(e) provides that a default judgment shall not be entered against the United States or an officer or agency of the United States unless the court is satisfied that the plaintiff has a claim or right to relief based on the merits and evidence of the claim.

#### 1. Defendants Department of State and Condoleeza Rice

Under Fed.R.Civ.P. 4(i), when an employee or officer of the United States is sued individually, the United States attorney or assistant attorney for the district in which the action is brought must be served by providing a copy of the summons and complaint by registered or certified mail, or by filing a writing with the clerk of the court. The United States Attorney's Office in the District of Columbia must also be served by registered or certified mail. Fed. R. Civ. P. 4(i)(1).

In addition, Rule 4(i)(2)(A) requires that a copy of the summons and complaint be served by registered or certified mail to the officer, employee, agency, or corporation being sued in an official capacity. Fed. R. Civ. P. 4(i)(2)(A). Regarding the Department of State, the Code of Federal Regulations § 172.2 states that "the Executive Office of the Legal Adviser (L/EX) is authorized to receive and accept summonses or complaints sought to be served upon the

Department or Department Employees." 22 C.F.R. § 172.2(a) (2008). "All documents should be delivered or addressed to The Executive Office, Office of the Legal Adviser, room 5519, United States Department of State, 2201 C Street, NW., Washington, DC 20520-6310." *Id.* If any summons or complaint is not delivered in the manner stated above, the service shall be ineffective. *Id.* at § 172.2(b).

The docket sheet indicates that Plaintiff mailed the summons and the complaint to the Department of State and to the Secretary of State, Condoleeza Rice, on May 12, 2007 and June 18, 2007. **[Docket Nos. 6, 7.]** Plaintiff made several unsuccessful attempts to obtain an entry of default from the Clerk when the parties failed to respond to the Complaint. **[Docket Nos. 13-15, 17, 22, 29-30, 36, 41.]** On September 24, 2007, Plaintiff requested a Clerk's Entry of Default as to the Department of State **[Docket No. 36]**, which was entered by the Clerk on October 10, 2007 **[Docket No. 54]**. On September 24, 2007, Plaintiff requested a Clerk's Entry of Default as to the Secretary of State **[Docket No. 35]**, which was entered on September, 26, 2007 **[Docket No. 42]**. Plaintiff did not properly effect service of process of the Complaint. Plaintiff mailed copies of the summons and complaint to the Department of State, however, did not serve the summons and Complaint, personally or by mail on the United States Attorney's Office nor did he mail copies of the summons and Complaint to the Attorney General as required by Fed. R. Civ. P. 4. Furthermore, Plaintiff did not direct a copy of the summons and Complaint to the Office of the Legal Adviser as required by the Code of Federal Regulations.

The Court denies Plaintiff's Motion for Default Judgment for several reasons. First, Plaintiff has failed to properly effect service of process. Plaintiff shall have 30 days, from the date of this order, to perfect service pursuant to 22 C.F.R. § 172.2(a) and Fed. R. Civ. P. 4.

Second, the Court is not satisfied that there is enough evidence to enter default judgment against the United States or an agent or officer of the United States as required by Fed. R. Civ. P. 55(e) and now Defendants' attorney has filed an appearance. **[Docket No. 60.]**

### 2. Canadian Government Defendants: Elinor Caplan, Alan Nymark, Dennis Coderre, and Hugh Lovekin

Rule 4(j) states that "[s]ervice upon a foreign state or a political subdivision, agency, or instrumentality thereof shall be effected pursuant to 28 U.S.C. § 1608." Fed. R. Civ. P. 4(j). Section 1608(a) addresses service, time to answer, and default concerning foreign states. 28 U.S.C. § 1608(a). The Foreign Sovereign Immunities Act ("FSIA") states that service must be made upon a foreign state or political subdivision of a foreign state in one of the following ways: (1) by delivering a copy of the summons and complaint through a special arrangement between the plaintiff and the foreign defendant; (2) by delivering a copy of the summons and complaint as required by an applicable international convention on service of judicial documents, if there is no special agreement; (3) if service is not possible under the two methods stated above, by sending a copy of the summons and complaint with a notice of suit, in the foreign defendant's official language, to the clerk of the foreign state by any form of mail requiring a signed receipt; or (4) if service is not possible within 30 days under the third method, by sending two copies of the summons, complaint, and notice of suit, in the foreign defendant's official language addressed to the clerk of the foreign state, to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services. § 1608(a). Methods three and four of § 1608(a) require that the documents be dispatched by the clerk of the court. Section 1608(e) further states that a United States court shall not enter judgment by default against a foreign

state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the court is satisfied that the plaintiff has a claim or right to relief based on the merits and evidence of the claim.

The Plaintiff's Motion for Default Judgment against the Canadian Defendants is denied for many reasons. First, there is no indication that there was a special agreement about the method of service between the parties in accordance with § 1608(a)(1). Neither the Plaintiff nor the Canadian Defendants in the response to the Motion for Default Judgment address the existence or lack thereof of a special agreement. Second, neither the Plaintiff nor the Defendants in their response address whether the service was in accordance with an applicable international convention as required by § 1608(a)(2). Third, the requirements of §§ 1608(a)(3) and 1608(a)(4) have not been met. The Clerk of the Court did not serve the summons and the complaint on the Canadian Defendants. Plaintiff did not request such a dispatch. Since it is unclear whether service by certified mail was proper in this case, the Motion for Default Judgment as to the Canadian Defendants is denied.

Even if the service was proper, § 1608(e) prevents the court from entering a default judgment against a foreign state or political subdivision. Since Plaintiff filed his Motion for Default Judgment, the Canadian Defendants have responded and filed an appearance. **[Docket No. 66.]** Based on the Canadian Defendants response and the fact that Plaintiff has not shown that he met the requirements of § 1608, the Plaintiff's Motion for Default Judgment is **DENIED**.

**B. Motions to Set Aside Clerk's Entry of Default by Defendant**

The United States and Canadian Defendants have filed Motions to Set Aside Clerk's

Entry of Default on January 18, 2008 **[Docket No. 61]** and January 28, 2008 **[Docket No. 67]**.

Fed. R. Civ. P. 55(c) provides that "for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside pursuant to Rule 60(b)." The judge has discretion in deciding whether to set aside an entry of default under Rule 55(c). Fed. R. Civ. P. 55(c). *Shepard Claims Serv. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Three factors must be weighed by the court to decide whether to set aside a default under Rule 55(c): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *Id.* at 192. All three factors must be considered, but when the first two factors militate in favor of setting aside the entry of default, it is an abuse of discretion for the court to deny a Rule 55(c) motion in absence of a wilful failure of the moving party to appear and plead. *Id.* at 194. In a Rule 55(c) motion to set aside entry of default, the "good cause" standard is applied and it is not absolutely necessary that the neglect or oversight as reason for the delay be excusable. The Sixth Circuit has adopted a more lenient standard when applying Rule 55(c) motion where there has only been an entry of default and a default judgment has not been entered yet under Rule 60(b). *Id.* at 193. Since entry of default is just the first procedural step required to obtain a default judgment, the same policy of favoring trials on the merits applies. *Id.* All ambiguous or disputed facts should be construed in the light most favorable to the defendant in determining whether to set aside the entry of default. *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 198 (6th Cir. 1987). The first factor is whether the Plaintiff will be prejudiced. To establish prejudice, a Plaintiff must show that vacating the default will result in the loss of evidence, an increase difficulties in discovery, greater opportunities for fraud and collusion.

7

*INVST Fin. Group*, 815 F.2d at 398. "[D]elay alone is not a sufficient basis for establishing prejudice." *Id.* at 398. Mere delay in satisfying a claim, should a plaintiff ultimately succeed at trial, is insufficient to show prejudice and does not require denial of a motion to set aside a default. *Newhouse v. Probert*, 608 F.Supp. 978, 984 (W.D. Mich. 1985). In *Shepard Claims Service*, the court of appeals found that because the defendant filed an entry of appearance and an answer shortly after learning that a default was entered, the delay was not lengthy and there was no pattern of disregard for court orders or rules. *Shepard Claims Service*, 796 F.2d at 194. The strong policy in favor of deciding cases on the merits outweighed any inconvenience to the court or plaintiff. *Id.* Here, setting aside the default will not result in Plaintiff's loss of evidence, an increase difficulties in discovery, or provide greater opportunities for fraud and collusion. Setting aside the default could possibly delay a favorable judgment for Plaintiff, in the event he succeeds at trial, but delay alone is insufficient to show prejudice.

The second factor is whether the defendant has a meritorious defense. The United States and Canadian Defendants have not addressed Plaintiff's claims on the merits as they have just recently filed appearances, and as such, it is unclear whether the defense is meritorious. The third factor is whether culpable conduct of the defendant led to the default. To find culpable conduct, the United States and Canadian Defendants must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of their conduct on those proceedings. *Shepard Claims Service*, 796 F.2d at 194. There is no indication that Defendants have intended to thwart judicial proceedings or acted in a reckless disregard for the effect of their conduct in these proceedings. It is established that the Defendants were not properly served and that they have since filed appearances. The delay in the Defendants' response does not constitute culpable

conduct by Defendants.

Weighing the three factors set fort above, the Court finds that the Clerk's Entry of Default should be set aside at this time.

### C. Motion for Evidentiary Hearing

On February 1, 2008, while Plaintiff's Motion for Default Judgment and Defendants' Motions to Set Aside Clerk's Entry of Default were pending, Plaintiff filed a Motion for Evidentiary Hearing. **[Docket No. 68.]** Plaintiff states in his Motion that he would like an evidentiary hearing for him to call approximately twelve witnesses "to attest to the seriousness of his case and the issue on the American public." **[Docket No. 68 at 1.]**

In light of the denial of Plaintiff's Motion for Default Judgment and since the Defendants' Motions to Set Aside Clerk's Entry of Default were granted, Plaintiffs Motion for Evidentiary Hearing is now **MOOT**.

### IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's Motion for Default Judgment **[Docket No. 57]** is **DENIED**.

IT IS FURTHER ORDERED that Defendants' Motions to Set Aside Clerk's Entry of Default **[Docket Nos. 61,67]** are **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Evidentiary Hearing **[Docket No. 68]** is **MOOT**.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: August 4, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 4, 2008, by electronic and/or ordinary mail.

        s/Lisa Ware for William F. Lewis
        Case Manager